

STATE OF WASHINGTON

2016 APR 18  AM 11: 3j

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

INTEGRATED FACILITIES
MANAGEMENT, LLC, a Washington
limited liabilities corporation, dba
SUN LIGHTING, fka PARTNER
MERCHANT SERVICES, INC.,

   Appellant,

  v.

CITY OF MERCER ISLAND, a
municipal corporation in the State
of Washington,

   Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 73647-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 18, 2016

BECKER, J. — Integrated Facilities Management LLC (IFM) appeals the summary judgment dismissal of its suit against the city of Mercer Island, contending the trial court erred in granting summary judgment on the grounds of laches and equitable estoppel. We agree and reverse.

This case arises from the city's yearly contract for installation of holiday lights. Between 2005 and 2009, IFM—operating under the trade name Sun Lighting or Electric Elves—installed holiday lighting displays for the city. IFM typically put up the lights at the end of October and removed them at the end of the following January.

In September 2010, Robert Folgedalen, one of the principals of IFM, contacted Keith Kerner, the city parks director, "to affirm our existing contract for

the execution of this décor installation." Folgedalen and Kerner set a date of October 30, 2010, for the installation.

Shortly thereafter, Jason Kintner replaced Kerner as the parks director. As part of the city's sustainability initiative, Kintner requested IFM utilize light-emitting diode (LED) lights instead of incandescent lights, but Folgedalen declined, stating "the project was already under contract."

Kintner searched city records and located copies of signed contracts on city letterhead for the 2007 and 2008 holiday seasons. Each contract terminated at the end of the holiday season and was signed by the city manager or his designee. He did not find a signed 2009 contract and asked Folgedalen to provide a copy. Folgedalen provided Kintner a copy of a two-page document on Sun Lighting letterhead entitled "Holiday Décor Agreement." The first page of the document contains an itemized description of work to be done, and the second page contains terms and conditions, including a clause which provided that the agreement would "automatically renew for the next period with a 10% increase for the same scope of work, unless written cancellation notice is made in writing within 30 days after light removal or by Jan. 31st of removal year whichever is sooner." The document was dated October 2, 2009, and signed by Kerner.

Believing that the document signed by Kerner did not constitute a valid contract because it was not on city letterhead or signed by the city manager, Kintner informed Folgedalen by e-mail on October 29, 2010, that the city would solicit bids for the 2010 holiday season. On November 1, 2010, Folgedalen sent the following e-mail in response: "So the City believes we are currently not under

contract? Please elaborate." Kintner responded that "the agreement . . . which Keith Kerner signed is no longer valid" and repeated the invitation to IFM to submit a bid by November 5, 2010. On November 3, 2010, Folgedalen called Kintner and "made it clear our existing contract was valid." Kintner sent Folgedalen an e-mail on November 4, 2010, stating:

> Sorry for the delay in my response. It's been very busy, and I've been in and out of the office. Here is the City Attorney's Office phone number . . . . I've informed them that you may be calling for clarification. It's going to be more direct and easier for your questions to be answered if you contact them directly.

Folgedalen's attorney left two voicemail messages with the city attorney but did not receive a response.

On November 5, 2010, Folgedalen submitted a bid for the project under the business name NW Christmas Lighting. On November 9, 2010, the city announced it would award the contract to a different vendor that submitted a lower estimate. On November 10, 2010, Folgedalen contacted Kintner by e-mail and asked the price of the lowest bid. Kintner responded, "Hollywood Lights came in with 100% LED lights and increasing the string count for a price of $20,314." Folgedalen contacted Kintner by phone "expressing disappointment and concern for a material breach of our contract."

On May 12, 2014, IFM submitted a claim for damages against the city, and on August 12, 2014, IFM sued the city for breach of contract, contending that the city had terminated its automatically renewing contract without providing proper notice. In the alternative, IFM claimed, it incurred $45,000 in lost revenue by relying on Kerner's apparent assent to a valid contract.

3

The city moved for summary judgment. The trial court dismissed IFM's suit, concluding that the breach of contract claim was barred by the doctrines of laches and equitable estoppel and that the equitable claim was barred by the statute of limitations. IFM appeals.

We review an order granting summary judgment de novo, performing the same inquiry as the trial court. Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). We consider all facts and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Owen, 153 Wn.2d at 787. A motion for summary judgment will be granted if the moving party demonstrates the lack of a genuine issue as to any material fact, and the nonmoving party fails to "set forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact." Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986). A party asserting an equitable remedy such as laches or estoppel has the burden to prove the requirements of that remedy. King County v. Taxpayers of King County, 133 Wn.2d 584, 642, 949 P.2d 1260 (1997), cert. denied, 522 U.S. 1076 (1998); Teller v. APM Terminals Pac., Ltd., 134 Wn. App. 696, 712, 142 P.3d 179 (2006).

IFM challenges only the trial court's dismissal of its breach of contract claim on the grounds of laches and equitable estoppel. We conclude that neither laches nor equitable estoppel applies here.

The doctrine of laches bars a cause of action if the defendant establishes that (1) the plaintiff unreasonably delayed commencing an action; and (2) the

4

defendant was materially prejudiced by the delay in bringing the action. Auto. United Trades Org. v. State, 175 Wn.2d 537, 542, 286 P.3d 377 (2012). The main component of the doctrine is not so much the period of delay in bringing the action, but the resulting prejudice and damage to others. Clark County Pub. Util. Dist. No. 1 v. Wilkinson, 139 Wn.2d 840, 848-49, 991 P.2d 1161 (2000). "'[S]o long as parties are in the same condition, it matters little whether one presses a right promptly or slowly.'" Brost v. L.A.N.D., Inc., 37 Wn. App. 372, 376, 680 P.2d 453 (1984), quoting Crodle v. Dodge, 99 Wash. 121 131, 168 P. 986 (1917). Absent unusual circumstances, the doctrine of laches should not be invoked to bar an action short of the applicable statute of limitation. In re Marriage of Capetillo, 85 Wn. App. 311, 316, 932 P.2d 691, review denied, 132 Wn.2d 1011 (1997).

Here, IFM filed its complaint less than four years after the alleged breach. The statute of limitations for breach of a written contract is six years. RCW 4.16.040(1). We find no unusual circumstances present here that would justify the application of laches. Nor can we see how the city's interests were prejudiced. The city claims that it was "damaged because of Sun Lighting's unreasonable delay" because it "sought bids, obtained a more favorable price than offered in Folgedalen's bid, and then paid for new holiday lighting to be installed." But the city contracted with a lower bidder a mere 11 days after notifying IFM that it would solicit bids. Whether IFM waited 4 months or 4 years to sue for breach would not have materially affected the city's position. Accordingly, laches does not apply.

5

The principle of equitable estoppel is based upon the reasoning that "a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon." Wilson v. Westinghouse Elec. Corp., 85 Wn.2d 78, 81, 530 P.2d 298 (1975). The elements of equitable estoppel are: (1) an admission, statement, or act inconsistent with a claim afterward asserted; (2) action by another in reasonable reliance on that act, statement, or admission; and (3) injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission. Robinson v. City of Seattle, 119 Wn.2d 34, 82, 830 P.2d 318, cert. denied, 506 U.S. 1028 (1992).

The city contends that IFM failed to adequately protest the city's decision to solicit bids, and in fact submitted its own bid through a different business name. It argues that this is inconsistent with IFM's claim of breach. But the city instructed IFM it would have to submit a new bid to be considered for the project. The city cannot establish that IFM took an inconsistent position for merely doing what the city told it to do. Moreover, whether IFM had a valid contract with the city is a question of law. Equitable estoppel does not apply when the representations are questions of law rather than questions of fact. Dep't of Ecology v. Theodoratus, 135 Wn.2d 582, 599-600, 957 P.2d 1241 (1998). And, as discussed above, reliance on IFM's actions was not the basis for the city's decision to solicit bids for the project. Instead, the city solicited bids based on its own belief that it was not contractually obligated to IFM. The city fails to show that equitable estoppel applies.

Because the trial court dismissed IFM's suit on laches and equitable estoppel grounds, and neither of these doctrines bar IFM's claim, we reverse the summary judgment order and remand for further proceedings.[1]

Becker, J.

WE CONCUR:

Cox, J.

---

[1] Consequently, we need not address IFM's claims regarding alleged errors in the trial court's findings of fact.